From: Thomas F. Freeman, Pro Se
      103 Ellery Rd.
      Villas, N.J. 08251
      bikeyusa@gmail.com
      609-224-4813       D

Oct. 26, 2022

SO ORDERED      10/28/22

I forwarded a proposed form of Order to the parties seeking any proposed amendments, technical changes or language changes. Mr. Freeman submitted an substantive argument regarding recording of psychological sessions. Since this was previously denied, I deny his request for changes for the same reasons as before.

s/Peter G. Sheridan, U.S.D.J.

To: Honorable Judge Peter Sheridan, US J
     US Court House, 402 East State Street
     Trenton, N.J. 08608

RE: 09-cr-695 (PGS)
     Defendant's OBJECTION to "DRAFT ORDER"

To The Court:

This Defendant has no Objection to anything in the above stated Draft Order except for the Last Line of same, to wit:

"(2) Mr. Freeman shall not record, in any fashion, treatment sessions with Dr. Gregory Joseph."

Respectfully, to re-iterate what was submitted in a previous paper to Your Honor:

**(1) NJ Statutes Annotated, Section 2A:156A-4d (Lawful interception activities; exceptions**, in relevant part reads:

"4. It shall not be unlawful under this act for:

d. A person not acting under the color of law to intercept a wire, electronic or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortuous act in violation of the Constitution or laws of the United States or of this State or for t e purpose of committing any injurious act...."

A copy of said paper is also attached herewith.

Also, to re-iterate a Statute, also submitted in a previous paper to Your Honor (Defendant's

Motion/Brief for Dismissal)

**2013 New Jersey Revised Statutes**
**Title 2C - THE NEW JERSEY CODE OF CRIMINAL JUSTICE**
**Section 2C:13-5 - Criminal coercion**

**Universal Citation:** NJ Rev Stat § 2C:13-5 (2013)

**2C:13-5. Criminal coercion**
**a. Offense defined. A person is guilty of criminal coercion if, with purpose unlawfully to restrict another's freedom of action to engage or refrain from engaging in conduct, he threatens to:**

**(4) Take or withhold action as an official, or cause an official to take or withhold action;**

**(7) Perform any other act which would not in itself substantially benefit the actor but which is calculated to substantially harm another person with respect to his health, safety, business, calling, career, financial condition, reputation or personal relationships.**

**b. Grading. Criminal coercion is a crime of the fourth degree unless the threat is to commit a crime more serious than one of the fourth degree or the actor's purpose is criminal, in which cases the offense is a crime of the third degree.**

**L.1978, c. 95, s. 2C:13-5, eff. Sept. 1, 1979.**

Respectfully, as this Defendant quizzed Your Honor during the Telephone Conference occurring on Oct. 17, 2022, 'if this Defendant violates Your Honor's Order, he is in Contempt of

[2]

Court, and Subject to Punishment.'

Clearly, Your Honor's proposed form of Order would "unlawfully restrict" and "punish" (in violation of NJSA 2C: 13-5 et seq. (Criminal Coersion)) this Defendant's "freedom of action to engage....in conduct", to wit:

"intercept a wire, electronic or oral communication where such party is party to the communication..." , where "it shall not be unlawful" to do so, as stated in said NJSA @A: 156A-4d. (Lawful Interception Activities)).

I understand the gravity of this dilemma for the Supervised Release program as it is now being run, but as a Tier One (so-dubbed) Sex Offender, I am not sorry, especially in light of the Heavy-Handed policies which have, of late, been practiced.

I repectfully ask the court to seriously consider the "Abuse of Discretion", and the "Over-stepping of One's Authority" designations which would result, besides the obvious criminal implications. Dr. Joseph, and the entire Psychiatric Community may soon be called to be fully accountable in their diagnosis of Sex Offenders, and so-called Sex Offenders, and, in this Defendant's opinion, unnecessary "treatment" of same without valid DSM 5 diagnosis.

So, again, this Defendant respectfully Objects to the subject "Draft Order" as stated above.

Respectfully Submitted:

*Thomas F. Freeman* (signature)

Thomas F. Freeman, Defendant, pro se

United States District Court
District of New Jersey

| | |
|---|---|
| United States of America : | Criminal Action, No: 3:09-cr-00695 |
| Plaintiff : | Supervision Matter |
| vs. : | |
| : | Defendant's ANSWER to |
| : | Government's Letter-on-behalf |
| : | of-Dr. Gregory Joseph, Phd. |
| Thomas F. Freeman : | |
| Defendant : | Judge Peter D. Sheridan, USDJ |

To the Court:

   I am Thomas F. Freeman, Defendant, Pro Se, in the above entitled matter, and in answer to the Government's Letter (Exhibit A) explaining on behalf of Dr. Gregory Joseph, Phd. (Servant-Agent of USPO) his reasons to prevent Defendant from audio-recording Mental Health Treatment Sessions with him, I respectfully submit the following certification:

(1) **NJ Statutes Annotated, Section 2A:156A-4d (Lawful interception activities;**

   **exceptions**, in relevant part reads:

   "4. It shall not be unlawful under this act for:

     d. A person not acting under the color of law to intercept a wire, electronic or
       oral communication, where such person is a party to the communication or
       one of the parties to the communication has given prior consent to such

interception unless such communication is intercepted for the purpose of committing any criminal or tortuous act in violation of the Constitution or laws of the United States or of this State or for the purpose of committing any injurious act...."

(2) The Government alleges two (2) reasons on behalf of said Doctor's behalf that said Doctor, quote, "does not wish" Defendant to record mental health treatment sessions with him.

They are:

A. "not recording treatment sessions provides an environment more conducive to disclosure".

In other words, and speaking from personal experience, absent a recording, and undetected, the good Doctor could stray past certain lines drawn by NJ's Criminal code, specifically Statutes which would normally protect a person (this Defendant) from "Annoyance" or "Alarm" (see 2C: 33-4, et seq., Harassment); or Coersion (2C:13-5 et. seq.) in the eliciting of answers which this Defendant may not be legally bound to provide per the Fifth Amendment to the US Constitution, and/or "The NJ Patient Bill of Rights" (NJSA Title 30:4-24). The latter protects patients from, among other things, "experimental research which is not directly related to the specific goals of his treatment program", and also guarantees "Privacy and Dignity".

It is respectfully submitted that Dr. Joseph's mere, personal "wish" does not, nor cannot legally supersede the above cited 2A:156A-4d, regarding the recording of oral communications of which this Defendant may be party.

B. The Government also alleges that the good Doctor is suspicious of this Defendant's, quote, "intended use" of any recording. Without addressing the apparent "gossip" (about false allegations, etc.) which may, or may not escalate into another, separate legal issue, this Defendant's prohibited uses of any recording are expressly set out in said 2A:156A-4d above.

[2]

Respectfully, our system of Justice is Reactionary, not one of Predictions; and as the old adage goes: "Don't trouble trouble 'till trouble troubles you." If the Doctor's methods are above board, he should have nothing to worry about.

(3) The United States has not, here, submitted any evidence whatsoever that the subject Statue, (2A:156A-4d, Lawful interception activities; exceptions) is preempted by any US Statute. This Defendant is legally allowed to record any oral communication of which he is party despite said Doctor's alleged apprehensions, and/or alleged 'environmental ideals' for sessions.

It is further respectfully submitted that this Defendant is entitled to enjoy the rights and protections afforded by said 2A:156A-4d via both the 9th. And 14th. Amendments to the US Constitution; and it is incumbent upon the Court to affirm this, and same is respectfully requested.

A copy of this ANSWER shall be timely served upon all parties.

I hereby certify that the above statements made by me are true. I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

Respectfully Submitted:

_____            Dated:
Thomas F. Freeman, Defendant, Pro Se

Cc: Asst. US Attorney J. Brendan Day

## Dolores Hicks

| | |
|---|---|
| **From:** | Thomas Freeman <bikeyusa@gmail.com> |
| **Sent:** | Thursday, October 27, 2022 11:41 AM |
| **To:** | Dolores Hicks |
| **Cc:** | brendan.day@usdoj.gov |
| **Subject:** | signed Objection w/ other attachment |
| **Attachments:** | signed objection.pdf; Answer to US Attorney Letter (Joseph) - Google Drive.docx |

**CAUTION - EXTERNAL:**

Ms. Hicks:

Here's that signed objection again, along with the other paper mentioned therein.

Thank You:

T. Freeman

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1